IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMMETT COLEMAN,  )  <br>  Plaintiff,  ) | |
| ) | Civil Action No. 11-1457 |
| v.  ) | Magistrate Judge Cynthia Reed Eddy |
| ) | |
| PENNSYLVANIA STATE POLICE,  )  <br>  Defendant.  ) | |

**MEMORANDUM ORDER**

Plaintiff Emmett Coleman filed this complaint against his former employer, the Pennsylvania State Police, under Title II of the Americans with Disabilities Act, 42 U.S.C. §12133, incorporating by reference 29 U.S.C. § 794(a); the Rehabilitation Act of 1973, 29 U.S.C. § 794(a); and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5.  Essentially, plaintiff asserts that defendant fired him because of a seizure disorder, which commenced following an off-duty car accident, and failed to make reasonable accommodations to his disability in violation of the Rehabilitation Act and the ADA.  Plaintiff also claims he was fired because of his race, African American, in violation of Title VII, and that similarly situated white troopers received more favorable treatment, i.e., reasonable accommodations. Defendant has filed a Motion to Dismiss Count II of the complaint [ECF No. 6] on the legal basis that employment discrimination claims by individuals are not cognizable under the ADA.

In support, Defendant relies in part upon the decision of the Honorable David Cercone of the Western District of Pennsylvania in Hemby-Grubb v. IUP, 2008 WL 4372937 (W.D.Pa. 2008), which recognized a split among the United States Circuit Courts of Appeals on the issue of statutory interpretation, whether an employment claim can be brought under Title II of the ADA.  Judge Cercone aligned with those courts which declined to extend Title II of the ADA to encompass employment discrimination actions, in light of Congress' clear intent to address

employment discrimination claims in Title I of the ADA, and because a contrary interpretation would be a "tortured" reading of the ADA not intended or contemplated by Congress. Hemby-Grubb, 2008 WL 4372937, *6-7 (citations omitted).[1] Not surprisingly, plaintiff's Brief in Opposition sets out a reasonable counter argument as to the intent of the legislature and a plausible interpretation of Title II of the ADA which, plaintiff argues, squarely covers employment discrimination claims against the Pennsylvania State Police.

In the Court's view, it would be inappropriate to decide this legal issue in a vacuum, in the absence of discovery that will likely 'flesh out' the various claims and inform the Court's determination of this legal issue in a more meaningful manner. Judge Cercone's thoughtful decision in Hemby-Grubb was rendered in the summary judgment context, following full and complete discovery. ("After considering the briefs in support and in opposition to the motion, together with the statements of material facts and appendices submitted by the parties, and based upon the undisputed facts of record, and all reasonable inferences drawn in favor of plaintiff,

---

[1] Judge Cercone's reasoning on this issue is as follows:

Title I of the ADA specifically addresses discrimination in the employment context. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The court is therefore tasked in the first instance to decide whether an employment discrimination claim is even cognizable under Title II of the ADA.

The Third Circuit has yet to squarely address the issue. There is a split in the Circuits before whom the question has come. In Zimmerman v. Or. Dep't of Justice, 170 F.3d 1169 (9th Cir. 1999), the Ninth Circuit held that Title II does not apply to employment claims. Id. at 1184. Conversely, in Bledsoe v. Palm Beach County Soil & Water Conser v. Dist., 133 F.3d 816 (11th Cir. 1998), the Eleventh Circuit held that it does. Id. at 820.

The district courts in this Circuit likewise have been inconsistent. (numerous citations omitted) . . .

Based upon the sound and persuasive reasoning in Zimmerman, the structure of the ADA, and the ordinary meaning of the words "services," "programs," and "activities," the Court concludes, after careful consideration, that Congress did not contemplate the maintenance of an employment discrimination action under Title II of the ADA.

Hemby-Grubb, 2008 WL 4372937, at *6-*7 (parallel citations omitted).

defendants' motion for summary judgment will be granted."). Defendants therein previously had filed a motion to dismiss raising the defense that employment discrimination claims by individuals are not cognizable under Title II the ADA, Civil Action No. 06-1307, [ECF No. 6, ¶ 13], which Judge Cercone denied as premature, "without prejudice to raise the issues at summary judgment." Order of July 9, 2007, Civil Action No. 06-1307, [ECF No. 27].

Similarly in the instant case, this Court deems defendants' motion to dismiss Count II of the complaint as premature, and will deny it by the following order:

AND NOW, this 22nd day of February, 2012, for the reasons set forth above, defendants' Motion to Dismiss Count II of the complaint [ECF No. 6] is DENIED as premature, without prejudice to raising the issue set forth in a motion for summary judgment at the appropriate time.

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all ECF Registered counsel