## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMMETT COLEMAN, | Civil Action |
| Plaintiff, | No. 11-1457 |
| v. | |
| | Magistrate Judge Eddy |
| PENNSYLVANIA STATE POLICE, | |
| Defendant. | JURY TRIAL DEMANDED |

### AMENDED CIVIL COMPLAINT

Plaintiff, Emmett Coleman, by undersigned counsel, files this Amended Civil Complaint and alleges the following:

### I.  Jurisdiction

1.     The Jurisdiction of this Court is invoked pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12133, incorporating by reference 29 U.S.C. § 794(a); the Rehabilitation Act of 1973, 29 U.S.C. § 794(a); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5; 28 U.S.C. § 1331 and 1343(a)(4); and this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

2.     Plaintiff has satisfied all administrative prerequisites to suit under Title VII and the PHRA in that:

     a.     He filed a timely Charge of Discrimination Equal Employment Opportunity Commission ("EEOC") on March 2, 2011, and dual filed his Charge of Discrimination with the Pennsylvania Human Relations Commission;

     b.     The United States Department of Justice Issued a Notice of Right to Sue on November 7, 2011;

     c.     This Complaint is filed within 90 days of receipt of that Notice; and

       d.     More than one year has lapsed since the date Plaintiff filed his PHRC complaint.

## II.  Parties

3.     Plaintiff, Emmett Coleman, is an adult African American individual who resides at 343 E. 13th Avenue, Homestead, Pennsylvania 15120.

4.     Defendant, Pennsylvania State Police, is an agency of the Commonwealth of Pennsylvania with a principal place of business at 1800 Elmerton Avenue, Harrisburg, Pennsylvania 17110.

5.     At all times relevant to this action, Defendant was a recipient of federal financial assistance.

6.     At all times relevant, Defendant was a "public entity" as defined by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131(1).

7.     At all times relevant, Defendant was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(b), in that it employed more than 15 individuals.

## III. Factual Background

8.     On or about June 2, 2008, Defendant hired Coleman as a State Trooper.

9.     On July 26, 2009, Coleman was involved in an off-duty car accident and sustained significant head trauma.

10.     As a result of the car accident, Coleman took a leave of absence from work until October 31, 2009.  Coleman then returned to work on limited duty.

11.     Although Coleman's 18-month probationary status should have ended in December 2009, Defendant continued to keep Coleman as a probationary employee throughout the remainder of his employment.

12.     On January 1, 2010, Coleman returned to full duty, and resumed his patrol duties.

13.     On February 1, 2010, Coleman suffered a seizure as a result of the head trauma he sustained in the July 2009 car accident.

14.     In March 2010, Coleman was diagnosed with post-traumatic seizure disorder.

15.     Without the use of medication, Coleman's impairment substantially limits him in several major life activities, including awareness and movement.

16.     Coleman's impairment is expected to be permanent.

17.     As such, Coleman is an individual with a disability under the ADA, 42 U.S.C. §12102(1), and the Rehabilitation Act, 29 U.S.C. §705(9)(B).

18.     Defendant also perceived Coleman as having a disability.

19.     Coleman's seizure disorder is controlled by medication.  With this medication, Coleman is not expected to suffer seizures.

20.     Coleman is able to perform the essential functions of the position of State Trooper with or without reasonable accommodations.

21.     As such, he is a qualified individual with a disability under Title II of the ADA, 42 U.S.C. §12131(2).

22.     On or about January 24, 2011, Defendant notified Coleman by letter that his employment would be terminated effective February 4, 2011, because the State Police Medical Officer determined that he was unable to perform the essential job functions required of a Pennsylvania State Trooper.

23.     The State Police Medical Officer never examined Coleman.

24.     On January 27, 2011, Coleman's physician released him to work full duty, effective immediately.  Coleman faxed this doctor's release Captain, Brenda Bernot.

25.     On February 10, 2011, Defendant issued Coleman an "Amended Correspondence," notifying him that he would be terminated effective February 18, 2011 because the State Police Medical Officer determined he could not perform the essential functions of a State Trooper.

26.     Defendant failed to engage in the interactive process with Coleman, and failed to make an individualized assessment of his condition and ability to perform his duties.

27.     Rather, Defendant simply assumed that Coleman could not be a State Trooper because he suffers from a seizure disorder.

28.     Defendant has provided accommodations to similarly-situated White Troopers with disabilities.

29.     For example, Defendant has accommodated a White female Trooper who was paralyzed, and continues to employ her.

30.     Defendant has also accommodated a White male Trooper who has a history of neurological disorders and has at times not been able to carry firearms.

## Count I
## Rehabilitation Act

31.     Paragraphs 1 through 30 are incorporated by reference as if fully restated.

32.     As set forth above, Coleman is an individual with a disability as defined by the Rehabilitation Act, 29 U.S.C. § 705(9)(B).

33.     Defendant operates a program or activity receiving federal financial assistance, as defined by the Rehabilitation Act, 29 U.S.C. § 794.

4

34.     Coleman was qualified to perform the essential functions of the position of State Trooper.

35.     By firing Coleman, and by extending his probationary employment status, Defendant excluded Coleman from participation in, denied him the benefit of, and  subjected him to discrimination in a program or activity  receiving federal financial assistance, solely because of his disability, in violation of 29 U.S.C. § 794(a).

36.     Defendant failed to accommodate Coleman's disability, despite his requests for reasonable accommodation, in violation of 29 U.S.C. § 794(a).

37.     As a direct and proximate result of Defendant's discriminatory actions, Coleman has suffered and continues to suffer damages, including but not limited to lost wages and benefits; emotional distress; humiliation; and inconvenience.

WHEREFORE, Plaintiff demands judgment against Defendant for violation of Section 504 of the Rehabilitation Act as follows:

   a.     Defendant shall pay the amount of lost wages and benefits from February 18, 2011 until the time of trial, with interest;

   b.     Defendant shall be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by the Rehabilitation Act;

   c.     Defendant shall employ Plaintiff as a State Trooper with all salary, benefits, and seniority calculated from the date February 18, 2011;

   d.     Plaintiff shall be awarded compensatory damages for his emotional distress, anxiety, humiliation and inconvenience;

   e.     Plaintiff shall be awarded reasonable attorneys fees and costs and expenses of litigation; and

   f.     Such other legal and equitable relief as the Court deems just and proper.

**Count II**
**ADA: Title II**

38.     Paragraphs 1 through 37 are incorporated by reference as if fully restated.

39.     As set forth above, Coleman is a qualified individual with a disability under Title II of the ADA,  42 U.S.C. §12131(2).

40.     Defendant is a "public entity" as defined by  42 U.S.C. §12131(1).

41.     By firing Coleman, and by extending his probationary employment status, Defendant excluded Coleman from participation in and denied him the benefits of its services, programs, and activities, because of his disability, in violation of Title II of the ADA, 42 U.S.C. §12132.

42.     Defendant failed to accommodate Coleman's disability, despite his requests for reasonable accommodation, in violation of 42 U.S.C. §12132.

43.     As a direct and proximate result of Defendant's discriminatory actions, Coleman has suffered and continues to suffer damages, including but not limited to lost wages and benefits; emotional distress; humiliation; and inconvenience.

WHEREFORE, Plaintiff demands judgment against Defendant for violation of Title II of the ADA as follows:

a.     Defendant shall pay the amount of lost wages and benefits from February 18, 2011 until the time of trial, with interest;

b.     Defendant shall be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by the Americans with Disabilities Act;

c.     Defendant shall employ Plaintiff as a State Trooper with all salary, benefits, and seniority calculated from the date February 18, 2011;

d.     Plaintiff shall be awarded compensatory damages for his emotional distress, anxiety, humiliation and inconvenience;

e.     Plaintiff shall be awarded reasonable attorneys fees and costs and expenses

of litigation; and

f.      Such other legal and equitable relief as the Court deems just and proper.

**Count III**
**Title VII**

44.      Paragraphs 1 through 43 are incorporated by reference as if fully restated.

45.      Defendant fired Coleman, extended his probationary employment, and otherwise discriminated against him in the terms, conditions and privileges of employment because of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

46.      As a direct and proximate result of Defendant's discriminatory actions, Coleman has suffered and continues to suffer damages, including but not limited to lost wages and benefits; emotional distress; humiliation; and inconvenience.

WHEREFORE, Plaintiff demands judgment against Defendant for violation of Title VII as follows:

a.      Defendant shall pay the amount of lost wages and benefits from February 18, 2011 until the time of trial, with interest;

b.      Defendant shall be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by the Title VII;

c.      Defendant shall employ Plaintiff as a State Trooper with all salary, benefits, and seniority calculated from the date February 18, 2011;

d.      Plaintiff shall be awarded compensatory damages for his emotional distress, anxiety, humiliation and inconvenience;

e.      Plaintiff shall be awarded reasonable attorneys fees and costs and expenses of litigation; and

f.      Such other legal and equitable relief as the Court deems just and proper.

7

## Count IV
## PHRA

47.     Paragraphs 1 through 46 are incorporated by reference as if fully restated.

48.     Defendant's termination of Coleman, extension of his probationary status, and failure to accommodate his disability violated the PHRA, 43 Pa. Cons. Stat. Ann. §955(a) et seq.

49.     As a direct result of Defendant's violation of the PHRA, Coleman has lost wages and other economic benefits of his employment with Defendant, in addition to suffering extreme emotional distress, depression, inconvenience and humiliation.

WHEREFORE, Coleman requests the following:

> a.    That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;
>
> b     That Defendant be ordered to instate Plaintiff and provide him accumulated seniority, fringe benefits and all other rights;
>
> c.    That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;
>
> d.    That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;
>
> e.    That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;
>
> f.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and
>
> g.    That the Court grant Coleman additional relief as may be just and proper.

Respectfully submitted,

**Samuel J. Cordes & Associates**

/S/ Christine T. Elzer
Samuel J. Cordes
Christine T. Elzer

Pa.I.D. #54874 (Cordes)
Pa.I.D. #208157 (Elzer)

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 281-7991

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify on this 13th day of March, 2012 I served a copy of the foregoing ***Amended Complaint*** via electronic mailing upon the following:

Mary Lynch Friedline
Office of Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

/S/ Christine T. Elzer
Christine T. Elzer